UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANA BHUMBLA,<br><br>    Plaintiff,<br><br>    v.<br><br>PNC BANK, NATIONAL ASSOCIATION; KIM BEASLEY; and DOES 1 through 50, inclusive,<br><br>    Defendants. | Case No. 4:23-cv-01759-YGR<br><br>**ORDER FOR SUPPLEMENTAL INFORMATION RE PENDING MOTION FOR REMAND**<br><br>Dkt. No. 15 |

Before the Court is plaintiff's request for remand of this action to state court for lack of diversity. (Dkt. No. 15.) Plaintiff argues that there is a lack of diversity because she and defendant Kim Beasley both reside in California. This is inadequate for determining diversity. A "natural person's state citizenship is . . . determined by [his or] her state of domicile, not [his or] her state of residence. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

The Court assumes that plaintiff means to allege that both she and defendant are "citizens" of California. This is a common problem with pleadings but the distinction matters. Further, defendants do argue to the contrary which supports the Court's assessment.[1]

In the interest of conserving judicial resources, the Court **ORDERS** plaintiff to file a statement by **Monday, July 17, 2023** confirming whether she would be able to amend to allege that both she and Beasley are citizens of California.

The hearing set for Tuesday July 18, 2023 is **VACATED**. An order on plaintiff's motion will issue on the papers and without a hearing, as permitted by Civil Local Rule 7-1(b) and Federal Rule of Civil Procedure 78. *See Lake at Las Vegas Investors Group, Inc. v. Pacific*

---

[1] Given defendants did not raise this issue in their removal motion or opposition to remand, they have waived the ability to challenge plaintiff's and Beasley's California citizenship for purposes of the remand motion.

*Malibu Dev. Corp.*, 933 F.2d 724, 729 (9th Cir. 1991).

**IT IS SO ORDERED.**

Dated: July 14, 2023

YVONNE GONZALEZ ROGERS
UNITED STATES DISTRICT JUDGE